165 N.J. Super. 16 (1978)
397 A.2d 685
EDWARD F. CLARK, JR., COUNTY EXECUTIVE OF THE COUNTY OF HUDSON, JOSEPH J. SIMUNOVICH, ANNE H. O'MALLEY, ANGELO A. CIFELLI, GLENN D. CUNNINGHAM, VINCENT J. FUSILLI, SAMUEL D. KAYE, MORRIS T. LONGO, PETER M. MOCCO AND PETER J. SAMPELLA, INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, AND THE COUNTY OF HUDSON, PLAINTIFFS-APPELLANTS,
v.
BRENDAN T. BYRNE, GOVERNOR OF THE STATE OF NEW JERSEY, THE NEW JERSEY LEGISLATURE, AND JEREMIAH F. O'CONNOR, DIRECTOR OF THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BERGEN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1978.
Decided December 28, 1978.
*17 Before Judges CONFORD, PRESSLER and KING.
Mr. Charles M. Schimenti argued the cause for appellants (Mr. Harold Krieger, Hudson County Counsel, attorney; Ms. Kathleen M. Grant, Assistant County Counsel, on the brief).
Mr. Vincent P. Rigolosi, Bergen County Counsel, argued the cause for respondent Jeremiah F. O'Connor (Mr. Glen T. Leonard on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondents Brendan T. Byrne and the New Jersey Legislature, submitted a brief (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Michael S. Bokar, Deputy Attorney General, on the brief).
PER CURIAM.
This appeal involves the constitutionality, from the standpoint of the restrictions on special legislation, of L. 1973, c. 271 (N.J.S.A. 2A:11-5.1, -5.2), as amended by L. 1977, c. 48.
The background of this legislation is found in a series of four orders issued by the late Chief Justice Weintraub between December 14, 1971 and April 10, 1972, calling for the transfer of 600 civil cases from the Superior and County Court calendars in Hudson County to Bergen County for trial. The legislation in question provides for a formula of compensation of the county where trial takes place by the State and the county from which the case is transferred.
*18 In addition to challenging the constitutionality of the legislation as special, appellant Hudson County also impugns the underlying action of the judiciary in transferring cases from one county to another and additionally attacks the cited statute as failing to contain sufficient legislative standards. Finally, appellant disputes the construction of the statute by the trial court in that the compensation allowed Bergen County in this case was not fixed on the basis of actual expenses incurred by that county in trying these cases.
We affirm the judgment of Judge O'Brien in the Law Division, in favor of defendants, essentially for the reasons set forth in his opinion [165 N.J. Super. 98]. We supplement that opinion to the following extent. Appellants' brief makes a particular assault on the 1977 amendatory statute in that the amendment changed the operative date of includable transfer cases from July 1, 1972, as originally provided, to December 1, 1971. It is therefore asserted that the amendatory statute was special in being limited in its effect to cases transferred between December 1, 1971 and July 1, 1972. It is pointed out by appellants that another county, Union County, was first ordered to transfer cases on January 22, 1973, and therefore was not within the scope of the amendatory 1977 statute.
The dispositive response to appellants' contention in its latter aspect is that, for purposes of determining constitutional specialness of an amendatory statute, it is required to be read together with the act amended, and this principle applies as well to supplementary legislation. See Quigley v. Lehigh Valley R.R. Co., 80 N.J.L. 486, 494-495 (Sup. Ct. 1911); In re Prudential Insurance Co., 132 N.J. Eq. 170, 173 (Ch. 1942); Central R.R. Co. v. State Board of Assessors, 75 N.J.L. 771, 777-780 (E. & A. 1907); 82 C.J.S. Statutes § 157, p. 265.
Viewed in the foregoing light, and it having been properly held below that L. 1973, c. 271, was general in its comprehension of counties to be benefitted and burdened, that statute would have been no less general had its effective date originally *19 been set retroactively to December 1, 1971. The fact that the amendment was apparently the result of a legislative oversight in the drafting of the original law does not derogate from the propriety of applying the principle of unitary construction of legislation to both the original and amendatory statutes for purposes of adjudging their constitutional vulnerability as special.
Judgment affirmed.